UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ARNOLD CHEVROLET LLC, et al.,　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　04-CV-3097 (DRH)(WDW)
　　　　　　　　　Plaintiffs,

　　-v.-

TRIBUNE COMPANY, NEWSDAY, INC.,
and STALUPPI HOLDING COMPANY, INC.,

　　　　　　　　　Defendants.
_____

**APPEARANCES:**

**For the Plaintiffs:**
**Bellavia Gentile & Associates, LLP**
200 Old Country Road
Mineola, New York 11501
By: Leonard A. Bellavia, Esq.

**Holman Law Office**
One Penn Plaza, Suite 4632
New York, New York 10119
By: Thomas A. Holman, Esq.

**McCallion & Associates LLP**
24 West 40th Street, 17th Floor
New York, New York 10018
By: Kenneth F. McCallion, Esq.

**For the Defendants Tribune Company and Newsday, Inc.:**
**Sidley Austin LLP**
787 Seventh Avenue
New York, New York 10019
By: Robert W. Hirth, Esq.
　　Alan M. Ungar, Esq.

**HURLEY, District Judge:**

　　　　Plaintiffs Arnold Chevrolet LLC, et al. ("Plaintiffs") filed the instant action

alleging that, inter alia, defendants Newsday, Inc. ("Newsday") and Tribune Company

("Tribune") (collectively, "Defendants") engaged in a fraudulent advertising scheme whereby

they made false representations regarding Newsday's circulation volume. Plaintiffs allege that as a direct result of Defendants' fraudulent scheme, Plaintiffs paid more for placing advertisements in Newsday than they would have otherwise. Defendants move to dismiss counts eleven and thirteen of the Revised Second Amended Complaint ("RSAC") pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 9(b). For the reasons that follow, Defendants' motions are granted and Plaintiffs' claims are dismissed without prejudice to replead consistent with this decision.

## BACKGROUND

The background of this case is set forth in the Court's prior Order, dated March 2, 2006, familiarity with which is assumed. Thus, the Court will state only the facts necessary for disposition of the instant motion.

Newsday is "the most widely circulated and read daily newspaper in Nassau and Suffolk Counties, the two counties which comprise that area of New York known as Long Island." (RSAC ¶ 11.) Plaintiffs are owners and operators of automobile dealerships on Long Island who purchased newspaper advertising from Newsday for publication in its newspaper. (*Id.* ¶¶ 5, 16.) The ads ran from September 1995 through July 30, 2004. (*Id.* ¶ 16.)

Plaintiffs commenced this action on July 21, 2004 and filed a First Amended Complaint on August 23, 2006. In their First Amended Complaint, Plaintiffs asserted claims for, inter alia, common law fraud and negligent misrepresentation against Defendants, alleging that "Newsday falsified the circulation volumes it reported to [an independent auditing company known as] ABC."[1] (Mar. 2, 2006 Order at 2.) Defendants moved to dismiss both claims,

---

[1] The First Amended Complaint asserted fifteen causes of action.

"argu[ing] that Plaintiffs fail[ed] to state a claim for fraud because the alleged misrepresentations were not made by Tribune or Newsday *to* Plaintiffs; rather they were made to . . . ABC." (*Id.* at 25.) The Court denied Defendants' motion to dismiss the fraud claim, finding that New York law permits recovery for misrepresentations made to third parties under limited circumstances. (*Id.* at 25-26.)

As to Plaintiffs' negligent misrepresentation claim, the Court rejected Defendants' argument that Plaintiffs had not alleged facts which would create a special relationship among the parties and held that Plaintiffs had "sufficiently alleged a relationship of privity or of that approaching privity between Plaintiffs and Newsday." (*Id.* at 28.) Plaintiffs were granted leave to amend with regard to several other claims.

On April 3, 2006, Plaintiffs filed a Second Amended Complaint. Thereafter, pursuant to a stipulation entered on April 28, 2006, Plaintiffs filed their RSAC.

The RSAC alleges that "beginning in or about August 1995" (RSAC ¶ 25), the rates Plaintiffs paid Newsday for advertising were based on artificially inflated circulation figures represented by Newsday and its distributors to ABC. (*Id.* ¶ 19.) "The greater the circulation, the higher the rate charged to advertisers such as Plaintiffs." (*Id.*) As a result, Plaintiffs claim to have paid "a much higher advertising fee" than they should have. (*Id.* ¶ 226.) Plaintiffs' eleventh cause of action asserts claims for fraud and conspiracy to defraud based upon Newsday's alleged false representations to Plaintiffs and/or their agents, viz. "certain advertising agencies that were responsible for placing in Newsday automotive advertisements [o]n behalf of their plaintiff clients." (*Id.* ¶ 218.) This claim also asserts that Tribune conspired with Newsday to defraud Plaintiffs. (*Id.* ¶¶ 223-25.) The thirteenth cause of action asserts a claim of negligent

3

misrepresentation against Newsday only.

Newsday now moves to dismiss counts eleven and thirteen of the RSAC, arguing that both claims fail to comply with Rules 12(b)(6) and 9(b). Tribune moves to dismiss count eleven under the same Rules. For the reasons stated below, their motions are granted and Plaintiffs are granted leave to amend consistent with the following.

## **DISCUSSION**

### I. *Motion to Dismiss: Legal Standards*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The *Twombly* Court stated that this language "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 127 S. Ct. at 1969. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1274.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

4

> assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge[plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, – F.3d –, No. 06-3128-CV, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007) (quoting *Twombly*, 127 S. Ct. at 1974)).[2] As always, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## II.    *Defendants' Motion is Not Barred By Rule 12(g)*

Plaintiffs argue that Defendants' motion should be denied because Defendants waived the right to invoke Rule 9(b) by failing to raise it in their initial motion to dismiss. Plaintiffs' argument is premised upon Rule 12(g), which precludes the filing of motions that raise arguments that a party did not raise at the first available opportunity. Plaintiffs' contention is without merit.

Rule 12(g) provides in pertinent part:

---

[2] Although *Twombly* did not make clear whether plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).

> If a party makes a motion under this rule but omits therefrom any
> defense or objection then available to the party which this rule
> permits to be raised by motion, the party shall not thereafter make
> a motion based on the defense or objection so omitted, except a
> motion as provided in subdivision (h)(2) hereof on any of the
> grounds there stated.

Fed. R. Civ. P. 12(g). Rule 12(h)(2) expressly includes "[a] defense of failure to state a claim upon which relief can be granted." *Id.* 12(h)(2). Thus, while the general rule forbids a party from asserting defenses available when the party made its prior motion, "the defense of failure to state a claim is not waivable." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).[3] Thus, the Court may consider the arguments raised.[4]

### III. *Plaintiffs' Claims Against Newsday are Dismissed Without Prejudice to Replead*

#### A. *Count Eleven for Fraud and Conspiracy to Commit Fraud Does Not Comply With Rule 9(b)*

Claims of fraud are governed by the heightened pleading requirements of Rule 9(b). *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 293 (2d Cir. 2006); *see also* Fed. R. Civ. P. 9(b) ("In all averments of fraud . . . the circumstances constituting fraud or mistake shall be stated with particularity."). Newsday argues that the RSAC fails to identify the fraudulent

---

[3] This does not mean that parties may file motions whenever they please. The Court has the power to enter a scheduling order which may set deadlines for the filing of motions and for which a party must show good cause to amend. *See* Fed. R. Civ. P. 16(b).

[4] It is worth noting that Defendants did not file successive motions to dismiss against the same pleading. Instead, the present motion targets the RSAC which was filed after the Court's decision on Defendants' prior motion to dismiss. *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citation and internal quotation marks omitted); *O & G Carriers, Inc. v. Smith*, 799 F. Supp. 1528, 1534 (S.D.N.Y. 1992) ("The amended complaint is a wholly new document which must comply with Rule 9(b) independently.").

statements or circumstances with particularity as required by Rule 9(b). Plaintiffs counter that the strict pleading requirements of Rule 9(b) do not apply to their fraud claim because: (1) the facts surrounding the fraud are peculiarly within Newsday's knowledge; and (2) to the extent this information is within Plaintiffs' knowledge, "discovery has provided Newsday with the details of the fraud claim." (Pls.' Mem. of Law in Opp'n to Newsday's Mot. at 3.)

"[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner*, 459 F.3d at 290 (citation and internal quotation marks omitted). This heightened pleading requirement is designed to provide defendants with notice to enable preparation of their defense and protect defendants against harm to their reputation or goodwill. *See DiVittorio v. Equidyne Extractive Indus. Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

Here, there is little question that Plaintiffs have pled that Newsday was involved in a *general* scheme to defraud. In this regard, the RSAC explains how, upon information and belief, beginning in August 1995, Newsday and its distributors artificially inflated Newsday's circulation figures to ABC, an auditing company, and concealed this falsification from ABC and Plaintiffs. (RSAC ¶¶ 19-28.) The RSAC also alleges that "[i]n a press release on or about June 17, 2004, Newsday admitted that its previously announced circulation figures had been inflated" (*Id.* ¶ 35), and that "[o]n September 10, 2004 Newsday made the further disclosure that its circulation figures had been overstated by approximately 20%." (*Id.* ¶ 36.) The RSAC further alleges that several former Newsday employees were criminally charged with participation in the circulation scheme and have entered guilty pleas to those charges. (*Id.* ¶¶ 43-45.)

What is missing from the pleading, however, is any detail regarding the specifics of *Plaintiffs'* claims. For example, the RSAC fails to: (1) identify or describe any statement made by Newsday to Plaintiffs which was allegedly fraudulent; (2) identify who made any such fraudulent statement; (3) identify where or when any such fraudulent statement was made; or (4) identify the particular plaintiff or plaintiff's agent to whom any such fraudulent statement was made. Although the RSAC states generally that Tribune included Newsday's inflated circulation figures in its Annual Reports (*id.* ¶ 31), and that Tribune "was directly involved in the formulation and dissemination of rate cards based on inflated and fraudulent circulation figures" (*id.* ¶ 32), there are no allegations tying these representations to Plaintiffs. In that vein, there are no allegations that Plaintiffs relied on either the Annual Reports or the rate cards. *See, e.g.*, *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 222 (2d Cir. 2006) (stating that reasonable reliance is an essential element of fraud).

Plaintiffs assert that "Rule 9(b) cannot be a basis for dismissal because Newsday's circulation fraud is peculiarly within its knowledge." (Pls.' Mem. of Law in Opp'n to Newsday's Mot. at 7.) Although it is true that allegations may be based on information and belief when the facts upon which they are based are peculiarly within the opposing party's knowledge, *First Capital Asset Mgmt, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004), here, Plaintiffs' claims stem from misrepresentations made to Plaintiffs themselves. Thus, the date, place, and content of the statements are not facts peculiarly within the knowledge of Defendants, but are facts shared by both parties. *See Concorde Funds, Inc. v. Value Lines, Inc.*, No. 04 Civ. 9932, 2006 WL 522466, at *5 n.8 (S.D.N.Y. Mar. 2, 2006) ("[P]laintiff is in as good a position as the defendants are to recall the speakers, dates, and content of the alleged

misrepresentations.").

Equally unavailing is Plaintiffs' contention that they should be relieved from their obligations under Rule 9(b) because Newsday has taken discovery and Plaintiffs will provide, or have already provided, the required information in discovery. Discovery is not a substitute for compliance with Rule 9(b).

> While the Court finds Plaintiffs' allegations of fraud . . . more than adequate to meet the Rule 8 standard of providing notice of the nature of [plaintiff's] claim, they fall somewhat short of the Rule 9(b) standard-particularly as regards the precise nature of the statements made or omitted and the time and place of the representations. [Plaintiff] has offered to supply [defendant] with this information during discovery, . . . however Rule 9(b) mandates pleading these circumstances.

*Silver Top Ltd. v. Monterey Indus. Inc.*, No. 94 CIV. 5731, 1995 WL 20266, at *6 (S.D.N.Y. Jan. 19, 1995); (*Cf.* Mar. 2, 2006 Order at 6 ("This argument puts the cart before the horse and ignores the fact that discovery has to be tied to a pleading which passes muster under Rule 12(b)(6).").) Moreover, although Plaintiffs have submitted discovery materials for the Court's review, including interrogatory answers of three plaintiffs, it is well-settled that in deciding a motion to dismiss for failure to state a claim, the Court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *See Tarshis v. Riese Org.*, 211 F.3d 30, 39 (2d Cir. 2000), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In sum, the Court finds that Plaintiffs' broad allegations of fraud are, by themselves, insufficient to meet the requirements of Rule 9(b). Accordingly, this claim is dismissed without prejudice to replead, *see infra*.

**B.** *Count Thirteen for Negligent Misrepresentation Fails to Comply with Rule 9(b)*

Newsday also moves to dismiss count thirteen of the RSAC, i.e., Plaintiffs' claim for negligent misrepresentation. The parties dispute whether a claim for negligent misrepresentation is subject to the heightened pleading requirements of Rule 9(b). In *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168 (2d Cir. 2004), the Second Circuit declined to reach the issue, noting that "Rule 9(b) may or may not apply to a state law claim for negligent misrepresentation." *Id.* at 188. The district courts in this circuit are split. *Compare In re Marsh & McLennan Cos., Inc. Secs. Litig.*, – F. Supp. 2d –, No. MDL NO. 1744, 04 Civ. 8144, 2006 WL 2057194, at *37 (S.D.N.Y. July 20, 2006) ("Negligent misrepresentation claims must be pleaded with particularity pursuant to Rule 9(b).") *with Engler v. Cendant Corp.*, 434 F. Supp. 2d 119, 132 (E.D.N.Y. 2006) (finding that Rule 9(b) not applicable to negligent misrepresentation claims); *see also Fed. Nat'l Mortgage Assoc. v. Olympia Mortgage Corp.*, No. 04 CV 4971, 2006 WL 2802092, at *5 (E.D.N.Y. Sept. 28, 2006) (collecting cases).

In arguing that Rule 9(b) applies to negligent misrepresentation claims, Newsday cites *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir. 2005), where according to Newsday, "the Second Circuit affirmed the dismissal of a negligent misrepresentation claim under Rule 9(b)." (Newsday's Reply Mem. of Law at 9.) After reviewing the *Aetna* decision, however, the Court finds that Newsday's assertion is not an accurate rendition of what transpired in that case.

In *Aetna*, the Second Circuit concluded as follows: "For substantially the reasons stated in the District Court's Memorandum and Order of March 30, 1998, we affirm." 404 F.3d at 568. Attached to the Circuit's decision were appendices of three decisions of the lower court:

10

(1) a district court order dated January 3, 1997 (Appendix A); (2) a district court order dated February 27, 1997 (Appendix B); and (3) a district court order dated March 30, 1998 (Appendix C). The district court orders were apparently annexed to set forth "background facts, as well as the history of this litigation's motion practice." *Id.* at 567.

In the January 3, 1997 Order, annexed as Appendix A to the Circuit decision, the lower court dismissed plaintiff's negligent misrepresentation claims, finding that such claims "must be pled in accordance with the specificity criteria of Rule 9(b)." *Id.* at 583. Plaintiff was granted leave to amend "so as to set forth the representations at issue with greater particularity." *Id.* at 584. Newsday takes this language, together with the Circuit's affirmance, to signify that the Circuit affirmed the dismissal of the negligent misrepresentation claims. That is not the case, however, as the lower court's ruling with respect to these claims was not on appeal. The Circuit expressly affirmed the district court's decision for the reasons stated in the lower court's *March 30, 1998* order, not the *January 3, 1997* order which ruled on the negligent misrepresentation claims. Accordingly, the Court rejects Newsday's assertion that the Second Circuit has definitely ruled on this issue.

Newsday also relies on *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004), where the Second Circuit held that "the heightened pleading standard of Rule 9(b) applies to Section 11 and Section 12(a)(2) claims [under the Securities Act of 1933][5] insofar as the claims are premised on allegations of fraud." *Id.* at 171. In so holding, the court noted that the "wording [of Rule 9(b)] is cast in terms of the conduct alleged, and is not limited to allegations styled or

---

[5] Sections 11 and 12(a)(2) impose liability based upon misrepresentations or omissions of material facts contained within a registration statement or prospectus, respectively. *See* 15 U.S.C. §§ 77k, l(a)(2).

11

denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Id.* Thus, although "[f]raud is not an element or a requisite to a claim under Section 11 or Section 12(a)(2), . . . claims under those sections may be-and often are-predicated on fraud." *Id.* ("[W]hile a plaintiff need allege no more than negligence to proceed under Section 11 and Section 12(a)(2), claims that do rely upon averments of fraud are subject to the test of Rule 9(b).").

In construing *Rombach*, lower courts have applied Rule 9(b) to claims for negligent misrepresentation even though they do not require proof of fraud so long as they "sound in fraud." *See In re Parmalat Secs. Litig.*, 479 F. Supp. 2d 332, 340 n.30 (S.D.N.Y. 2007) ("The Bank's claim for negligent misrepresentation 'realleges and incorporates by reference' all prior allegations, including those alleging fraud. It thus alleges intentional, not negligent, misrepresentation and is subject to Rule 9(b).") (internal citation omitted); *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993, 2004 WL 238035, at *1 (S.D.N.Y. Feb. 9, 2004) (finding negligent misrepresentation claim subject to Rule 9(b) because it incorporated fraud claim by reference and "thus also sound[ed] in fraud").

Newsday argues that because Plaintiffs' negligent misrepresentation claim is based upon the same set of facts upon which Plaintiffs' fraud claim is grounded, Rule 9(b) applies. The Court agrees. The entire essence of Plaintiffs' claim is that Newsday fraudulently overstated its circulation volume so it could charge higher fees for advertising. (*See* RSAC at 6 (describing "Newsday's fraudulent advertising scheme") (capitalization omitted).) In fact, other than asserting a separate cause of action for negligent misrepresentation, which incorporates all previous allegations, (RSAC ¶ 234), there are no factual allegations whatsoever pertaining to any

12

negligence committed by Newsday. Accordingly, the Court finds that Rule 9(b) applies and dismisses the thirteenth cause of action without prejudice to replead, *see infra*, for failure to comply with Rule 9(b).[6]

### C. *Plaintiffs are Granted Leave to Amend Their Claims Against Newsday*

Plaintiffs assert that leave to amend the fraud claim should be granted in the event the Court finds the pleading deficient. Newsday opposes this application, but adds that in the event leave to amend is granted, Plaintiffs should be required to identify separately for each of the Plaintiffs: (1) the alleged misrepresentation made to plaintiff or its agent; (2) who made such statement; (3) when such statement was made; and (4) to whom such statement was made.

Dismissals made pursuant to Rule 9(b) are "almost always" accompanied by a grant of leave to amend unless the plaintiff has had a prior opportunity to amend its complaint or the allegations were made after full discovery in a related case. *See Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986); *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) ("Where, as here, plaintiffs specifically request leave to amend in the event that the court is inclined to dismiss on Rule 9(b) grounds, the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile."). Although Plaintiffs have already had one opportunity to amend, this is the first time Defendants have moved to dismiss under Rule 9(b). Moreover, there has been no showing that any of the concerns articulated by the Second Circuit in *Luce* or *Caputo* are present. Accordingly, the Court grants Plaintiffs leave to amend their eleventh and thirteenth causes of action against Newsday and hereby directs that

---

[6] It may be that upon amendment, Plaintiffs' claim of negligent misrepresentation will not be subject to Rule 9(b) to the extent it may be based upon allegations of negligence only.

any such amendment separately detail the allegations as to each plaintiff as requested by Newsday and set forth in the preceding paragraph.

## IV. *Plaintiffs' Claims Against Tribune are Dismissed Without Prejudice to Replead*

The RSAC asserts only one claim against Tribune, viz. count eleven for "conspiracy to defraud and common law fraud." (RSAC at 62 (capitalization omitted).) In moving to dismiss, Tribune argues that the RSAC fails to adequately plead either common law fraud or conspiracy to defraud as against Tribune. The Court will discuss these claims separately.

### A. *Plaintiffs' Fraud Claim Against Tribune Fails to Comply with Rules 12(b)(6) and 9(b)*

The gravamen of the eleventh count is that Newsday committed fraudulent acts by falsifying its circulation figures and that Tribune conspired with Newsday to defraud Plaintiffs. The only alleged representations by Tribune identified in the RSAC is that "Tribune included Newsday's inflated circulation figures in its Annual Reports" (RSAC ¶ 31), and that "Tribune was directly involved in the formulation and dissemination of rate cards based on the inflated and fraudulent circulation figures." (*Id.* ¶ 32.) There is no allegation, however, that Plaintiffs relied on either the Annual Reports or the rate cards. Tribune seizes on this deficiency and argues that the fraud claim should be dismissed because reasonable reliance is an essential element of fraud. *See, e.g.*, *Colavito*, 438 F.3d at 222 (2d Cir. 2006). Plaintiffs do not seriously dispute this, nor do they even attempt to argue that their fraud claim against Tribune complies with Rule 9(b). Instead, they argue that "[t]he significance of Tribune's annual reports' misstating Newsday's volume of sales is that it is evidence of Tribune's complicity in the fraud." (Pl.'s Mem. of Law in Opp'n to Tribune's Mot. at 9.) Accordingly, to the extent count eleven

14

asserts a common law fraud claim against Tribune, that claim is dismissed for failure to comply with Rules 12(b)(6) and 9(b).[7]

B.  *The RSAC Fails to State a Claim for Conspiracy to Defraud*

1.  *Plaintiffs' Claim for Conspiracy Fails in the Absence of a Properly Pled Fraud Claim*

Tribune argues that if the Court dismisses Plaintiffs' underlying fraud claim, the conspiracy claim against Tribune should be dismissed as well. Tribune is correct. *See Crigger v. Fahnstock and Co., Inc.*, 443 F.3d 230, 237 (2d Cir. 2006) ("Under New York law, civil conspiracy to commit fraud, standing alone, is not actionable if the underlying independent tort has not been adequately pled.") (citation and internal quotation marks omitted). Nonetheless, because the Court granted Plaintiffs leave to amend their fraud claim against Newsday, the Court will proceed to analyze whether Plaintiffs' allegations of conspiracy to defraud are sufficiently pled.

2.  *Plaintiffs' Conspiracy Claim Fails To State a Claim*

The parties dispute whether Rule 9(b) applies to an allegation of conspiracy to defraud. The Court need not resolve this issue because it finds that even under the more relaxed pleading requirements of Rule 8(a), Plaintiffs' allegations of conspiracy fail to state a claim.

"In alleging conspiracy, the plaintiff carries the burden of proving (1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." *Kashi v. Gratsos*, 790 F.2d

---

[7] The Court does not grant Plaintiffs leave to amend their fraud claim against Tribune. Plaintiffs have not requested such relief and there has been absolutely no showing that a fraud claim against Tribune could be appropriately pled consistent with the requirements of Rules 12(b)(6) and 9(b).

1050, 1055 (2d Cir. 1986) (citation and internal quotation marks omitted); *see also Stutts v. De Dietrich Group*, No. 03-CV-4058, 2006 WL 1867060, at *14 (E.D.N.Y. June 30, 2006) (same).

Tribune argues that the RSAC fails to allege that: (1) Tribune entered into an agreement with Newsday to participate in the alleged fraud; and (2) Tribune knowingly or intentionally participated in the fraudulent scheme. The Court agrees.

With regard to an agreement, Plaintiffs allege only that "Tribune engaged in numerous overt acts in common action for a common purpose by common agreement or understanding with defendant Newsday to engage in an intentional scheme to defraud Plaintiffs and other advertisers in Newsday." (RSAC ¶ 223.) Plaintiffs' conclusory allegation that Defendants had an agreement fails to meet their pleading burden. *See, e.g.*, *Stutts*, 2006 WL 1867060, at *14; *cf. In re Elevator Antitrust Litig.*, at *2 ("We affirm the district court's dismissal of the conspiracy claims because plaintiffs are unable to allege facts that would provide 'plausible grounds to infer an agreement[.]'") (quoting *Twombly*, 127 S. Ct. at 1965).

With regard to Tribune's intent to participate in the alleged fraudulent scheme, Plaintiffs assert that the allegations are sufficient to establish that Tribune either knew of or should have known of the fraud and that "passive participation in a fraud can expose a party to liability for the acts of co-conspirators." (Pls.' Mem. of Law in Opp'n to Tribune's Mot. at 10.) Plaintiffs are mistaken.

As outlined above, conspiracy to defraud requires *knowing* participation. *See, e.g.*, *Kashi*, 790 F.2d at 1055 ("[Plaintiff] clearly proved [defendant's] deliberate participation in an agreement between himself and his co-defendants to defraud [Plaintiff]"); *Stutts*, 2006 WL 1867060, at *14 (element of conspiracy is "the parties' intentional participation in the

16

furtherance of a plan"). Here, there are no allegations in the RSAC tending to suggest that Tribune was a knowing participant in the alleged fraud. Plaintiffs argue that Tribune's knowing participation may be inferred because "Tribune included Newsday's inflated circulation figures in its Annual Reports" (RSAC ¶ 31), and because "Tribune was obligated to audit the circulation of Newsday before it" released its annual reports. (*Id.* at 4.) The flaw with this argument is that the RSAC does not allege that Tribune had an obligation to -- or did -- audit Newsday's reported circulation before issuing its annual reports. Rather, it alleges that Newsday's reported circulation volume was audited by an independent auditing company called ABC. (RSAC ¶¶ 19-20.) Rather than draw the logical inference that Tribune relied upon ABC, Plaintiffs speculate that Tribune should have been aware "that something was amiss" (Pls.' Mem. of Law in Opp'n to Tribune's Mot. at 10), and that "it stands to reason that Tribune attempted to corroborate the figures and by doing so discovered their fraudulent character." (*Id.* at 9.) As noted by Tribune, "[i]n addition to improperly attempting to add factual allegations that are not found in the complaint, plaintiffs' speculation underscores the fatal deficiencies in the RSAC." (Tribune's Reply Mem. of Law at 8.)

Similarly, Plaintiffs' claims regarding various Tribune personnel who were allegedly aware of payments to "hawkers," i.e., freelance street sales agents, do not provide a basis for concluding that Tribune knowingly participated in Newsday's alleged fraudulent scheme. There are no specifics as to when, and in what context, these individuals allegedly learned of these payments.

In sum, the Court finds that Plaintiffs' allegations that Tribune conspired with Newsday to defraud Plaintiffs fail to state a claim under Rule 12(b)(6). Accordingly, this claim

17

is dismissed.

### 3. *Plaintiffs are Granted Leave to Amend Their Conspiracy Claim*

Plaintiffs have not moved to amend their conspiracy claim. Nonetheless, in light of the fact that the primary reason Tribune's claim is being dismissed is the dismissal of the underlying fraud claim as against Newsday, in the event Plaintiffs chooses to amend this claim, Plaintiffs may amend their conspiracy claim as well. *See Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 387 (E.D.N.Y. 2005) (court may *sua sponte* grant leave to amend).[8]

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss counts eleven and thirteen of the RSAC are GRANTED. Plaintiffs may serve and file an amended complaint

---

[8] The Court further notes that there has been no showing of prejudice or futility of amendment which would justify denial of leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)).

consistent with this decision within 30 days of the date of this Order.

**SO ORDERED**

Dated: Central Islip, NY
September 17, 2007

/s_____
Denis R. Hurley,
United States District Judge