UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ARNOLD CHEVROLET LLC, et al.,

                    Plaintiff(s),                  **ORDER**
                                              CV 04-3097  (DRH) (WDW)

       -against-

TRIBUNE CO., et al.,

                    Defendant(s).
--------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court are two discovery applications.  The first is an application dated October 11, 2006, Docket Entry ("DE") [201], from defendants Newsday, Inc. and Tribune Company (collectively "Newsday"), seeking an order striking the supplemental expert witness report ("Supplemental Report") submitted by plaintiffs.  The second is an application dated November 28, 2007, DE [213], from plaintiffs seeking an order adjusting the schedule for submission of further expert discovery. Opposition papers were submitted regarding both applications, and further argument was heard by the court at the conference held on December 11, 2007.  At the conference, plaintiffs indicated their intention to withdraw their motion; accordingly that motion is deemed withdrawn.  The remaining motion, Newsday's request to strike the Supplemental Report, is denied for the reasons set forth herein.

      On June 1, 2007, plaintiffs served the expert report of Dr. Stan Smith.  Shortly thereafter, plaintiffs sought permission to obtain additional information from nonparty TNS Media Intelligence and to supplement Dr. Smith's report after review of such information.  That request was granted at a proceeding before the undersigned on June 15, 2007.  Both parties agree that plaintiffs represented to the court "that the supplement would be limited to the TNS data."  Opp.

Ltr. at 2.  Dr. Smith's Supplemental Report was served on September 7, 2007, and defendants

made the instant motion to strike on the grounds that the report exceeds both the permission to

supplement granted by the court and the requirements of Rule 26(e) of the Federal Rules of Civil

Procedure regarding supplementation if a party learns that the disclosed information is

"incomplete or incorrect."  Defendants argue that the Supplemental Report is not a supplement at

all, but rather contains an entirely new methodology for the calculation of damages.  Plaintiffs

argue that the Supplemental Report merely "remedies omissions based on matters which all

parties were aware."  Opp. Ltr. at 2.

"When determining whether to exclude expert testimony, a court should consider: '(1) the

prejudice or surprise in fact of the party against whom the excluded witnesses would have

testified, (2) the ability of that party to cure the prejudice, . . . and (4) bad faith or willfulness in

failing to comply with the district court's [scheduling] order.'" *Wechsler v. Hunt Health Sys.,* 381

F. Supp. 2d 135, 155-56 (S.D.N.Y. 2003)(quoting *In re Kreta Shipping, S.A.,* 181 F.R.D. 273,

277 (S.D.N.Y. 1998).  Several cases cited by defendants in support of their motion reflect the

viewpoint that a motion to strike should be granted when there is some demonstrated prejudice

against the moving party.  *See, e.g., Wechsler,* 381 F. Supp. 2d at 156 (finding prejudice to

defendants where supplement was served after the close of discovery); *Council 31 v. Ward,* 1995

WL 549022, at * 1 (N.D. Ill., Sept. 12, 1995)(supplement at issue was the fifth report, and was

served after the close of discovery and after the court had ruled on summary judgment motions).

The court finds that even if the Supplemental Report exceeds the scope of Rule 26(e),

defendants have not argued, let alone established, that they will be prejudiced by its use.  The

procedural posture of the case further supports the finding that no prejudice to defendants will

result if use of the Supplemental Report is allowed. It does not appear that defendants had an expert report prepared to challenge Dr. Smith's first report, a Third Amended Complaint has only recently been filed, and discovery has not closed. Defendants may also take an additional deposition of Dr. Smith, if they so choose, and the court directs that the plaintiffs shall bear the costs of any such deposition, exclusive of attorneys' fees. In addition, defendants will, of course, be free to examine plaintiffs' expert at trial regarding the changes he made in his reports.

The parties are directed to confer and prepare a proposed scheduling order covering the remainder of discovery in this case and to submit it to the undersigned. The proposed order should include deadlines for the preparation of expert reports, discovery, and commencement of dispositive motion practice.

Dated: Central Islip, New York
      December 21, 2007

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge